IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

ACNR RESOURCES, INC.,
**Employer Below, Petitioner**

**FILED**
**December 6, 2024**
ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-204**          (JCN: 2023003682)

**TIMOTHY M. PRICE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner ACNR Resources, Inc. ("ACNR") appeals the April 19, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent Timothy M. Price timely filed a response.[1] ACNR did not reply. The issue on appeal is whether the Board erred in reversing the claim administrator's orders, which: (1) denied the conditions of sprain of medial collateral ligament of the right knee and derangement of the posterior horn with meniscus tear of the right knee, (2) denied authorization for physical therapy of the right knee and Orthovisc injections, and (3) denied reopening of the claim for temporary total disability ("TTD") benefits.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 18, 2022, Mr. Price completed an Employees' and Physicians' Report of Occupational Injury or Disease, in which he stated that he injured his right knee on August 17, 2022, when he fell while attempting to avoid a pressurized water hose. The physician's section of the report was completed by personnel at Manchin Clinic and indicated that Mr. Price sustained an injury to his right knee as a direct result of an occupational injury. On the same date, Mr. Price was seen by John Manchin, II, D.O., and reported swelling and pain more on the medial side of the left knee. Dr. Manchin noted decreased range of motion with flexion and extension and assessed right knee internal derangement.

---

[1] ACNR is represented by Aimee M. Stern, Esq. Mr. Price is represented by J. Thomas Greene, Jr., Esq., and T. Colin Greene, Esq.

1

On September 8, 2022, the claim administrator issued an order which held the claim compensable for sprain of the right knee. The claim administrator stated that Mr. Price was eligible for TTD benefits from August 18, 2022, through August 31, 2022, based on the medical records from Manchin Clinic.

On September 15, 2022, Mr. Price underwent an x-ray of his right knee, which revealed mild to moderate compartment joint space narrowing, minimal tricompartmental osteophytic spurring, small suprapatellar effusion, and no evidence of acute fracture or subluxation.

On September 27, 2022, the claim administrator issued an order that advised Mr. Price that his TTD benefits were suspended because he returned to work on September 19, 2022. By order dated November 4, 2022, the claim administrator closed the claim for TTD benefits.

Mr. Price followed up with Dr. Manchin and Angela Hager, PA-C, on December 16, 2022. Dr. Manchin assessed chronic right knee pain/strain and noted decreased range of motion of the right knee and pain on palpitation of the right knee.

On April 1, 2023, Ronald Fadel, M.D., authored a medical review report regarding Mr. Price's claim. Dr. Fadel noted that Mr. Price's case contains considerable diagnostic uncertainty and persistent complaints. Further, Dr. Fadel stated that the initial impression was a presumed exacerbation of the osteoarthritic disease which had failed to resolve in the spectrum for arthritic management. Dr. Fadel opined that diagnostic clarity was required and thus, he recommended a repeat orthopedic evaluation by a surgeon.

On May 5, 2023, Mr. Price underwent an MRI of his right knee, which revealed complex tearing of the posterior horn of the medial meniscus with the appearance of a bucket-handle fragment, moderate knee joint effusion, bone bruising of the medial tibial and femoral condyles, a complex and large popliteal cyst, and some fluid surrounding the medial collateral ligament indicative of a type I sprain.

On May 18, 2023, Mr. Price was treated by Michelle Hasley, FNP-C. Mr. Price reported ongoing right knee pain. The impression was right knee pain, primary osteoarthritis of the right knee, patellofemoral arthritis of the right knee, sprain of medial collateral ligament of the right knee, and medial meniscus, posterior horn derangement. FNP-C Hasley opined that Mr. Price had sustained an arthritic flare-up as a result of the compensable injury. FNP-C Hasley recommended corticosteroid injections and physical therapy.

On June 8, 2023, Mr. Price followed up with Dr. Manchin and PA-C Hager and reported continued right knee pain. PA-C Hager noted that Mr. Price had a right knee

sprain, internal derangement with meniscal tears, and bad arthritis. PA-C Hager indicated that Mr. Price was off work at the time of his visit.

On June 9, 2023, the claim administrator issued an order denying authorization for physical therapy and Orthovisc joint injection, on the basis that the request for treatment was based on a non-compensable diagnosis in the claim. Mr. Price protested this order.

On July 19, 2023, Mr. Price began treatment with Peter Alasky, D.O. Mr. Price presented with bilateral knee pain, and continual severe pain in the medial aspect of the knee. X-rays of the right knee revealed moderate to severe degenerative changes. Dr. Alasky assessed right knee pain, primary osteoarthritis of the right knee, and medial meniscus tear. Further, Dr. Alasky opined that Mr. Price's pain was caused by arthritis as well as his meniscal tearing. Dr. Alasky recommended a cortisone injection, viscosupplementation injections, and physical therapy.

On July 24, 2023, Dr. Manchin completed a Diagnosis Update form, which requested that right knee sprain, sprain of the medial collateral ligament of the right knee, and derangement of the posterior horn with meniscus tear be added to the claim as compensable conditions.

Mr. Price submitted a Claim Reopening Application dated August 24, 2023, in which he alleged that he sustained an aggravation and/or progression of the compensable injury and requested TTD benefits from May 18, 2023, to August 31, 2023. The physician's portion of the application was completed by Dr. Manchin, who opined that Mr. Price was unable to work due to a right knee sprain, sprain of the medial collateral ligament of the right knee, and derangement of the posterior horn with meniscus tear. Dr. Manchin recommended right knee physical therapy, an orthopedist evaluation, and injections. Dr. Manchin reported that Mr. Price was temporarily and totally disabled from May 18, 2023, to an unknown date, and opined that his condition was a direct result of the compensable injury. Dr. Manchin did not respond on the form when asked whether there had been an aggravation or progression of the compensable injury since being released to resume employment or being certified as having reached maximum medical improvement.

On August 31, 2023, Mr. Price was deposed, and he testified that after the compensable injury, he returned to work in September of 2022. When asked to describe his injury on August 17, 2022, Mr. Price stated that he was working the midnight shift and using a high-pressure hose when the hose blew a hole, struck him in the back of the head, and knocked him to the ground. Mr. Price stated that he twisted his right knee as a result of the incident. Mr. Price testified that he can't bend his right knee without it collapsing, and that there is weakness throughout his right leg. Further, Mr. Price testified that he had no problems with his right knee when he went to work on August 17, 2022.

On October 11, 2023, Prasadarao Mukkamala, M.D., completed a review of Mr. Price's medical records. Dr. Mukkamala opined that the derangement of the posterior horn medial meniscus was degenerative in nature and not causally related to the injury of August 17, 2022. Further, Dr. Mukkamala opined that there was no indication for additional physical therapy. Dr. Mukkamala concluded that the Orthovisc injection recommended by Nurse Hasley was not medically related to or reasonably required for the compensable injury but instead would address degenerative arthrosis. Dr. Mukkamala concluded that there was no credible objective evidence that Mr. Price sustained any aggravation or progression of the compensable injury since he returned to work on September 19, 2022. Dr. Mukkamala attributed Mr. Price's current symptoms to non-compensable degenerative arthrosis and not the compensable injury.

By order dated October 24, 2023, the claim administrator denied the conditions of sprain of medial collateral ligament of right knee and derangement of posterior horn with meniscus tear of the right knee based on Dr. Mukkamala's report. Mr. Price protested this report. In a separate order also dated October 24, 2023, the claim administrator denied Mr. Price's reopening application for additional TTD benefits based on Dr. Mukkamala's report. Mr. Price protested both of these orders.

By order dated April 19, 2024, the Board reversed the claim administrator's order dated October 24, 2023, which denied the conditions of sprain of the medial collateral ligament of the right knee and derangement of the posterior horn with meniscus tear of the right knee, and added the conditions to the claim as compensable. The Board found that the record contained no medical reports indicating any right knee problems or symptoms prior to the compensable injury. Further, the Board noted that the MRI performed after the compensable injury revealed a torn meniscus. The Board concluded that Dr. Mukkamala's finding that the derangement with tear was degenerative in nature without further explanation does not rebut the presumption set forth in *Moore v. IGC Tygart Valley*, 247 W. Va. 292, 879 S.E.2d 779 (2022).

The Board also reversed the claim administrator's June 9, 2023, order, which denied authorization for physical therapy of the right knee and Orthovisc joint injections, and instead authorized the treatments. The Board found that the evidence establishes that the requested treatment of physical therapy and Orthovisc injections are necessary for Mr. Price's condition, as supported by the opinions of FNP-C Hasley, Dr. Alasky, Dr. Manchin, and PA-C Hager.

Finally, the Board reversed the claim administrator's order dated October 24, 2023, which denied reopening of the claim for TTD benefits, and remanded to the claim administrator with instructions to issue a protestable order granting TTD benefits from May 18, 2023, and thereafter as substantiated by proper evidence. The Board stated that the conditions of medial collateral ligament sprain and internal derangement of the right knee with meniscus tear are now compensable, and that Dr. Manchin and PA-C Hager opined

4

that Mr. Price was TTD based on these conditions from May 18, 2023, until an unknown date. Thus, the Board concluded that Mr. Price had established additional facts not previously considered that would entitle him to greater benefits than already received. It is from this order that ACNR now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, ACNR argues the Board erred in applying *Moore v. IGC Tygart Valley*, 247 W. Va. 292, 879 S.E.2d 779 (2022), to find that Mr. Price met his burden of proving that his meniscus tear was caused by the compensable injury. Further, ACNR argues that the Board erred in concluding that additional physical therapy and Orthovisc injections are necessary treatment for the compensable injury, because the notes of FNP-C Hasley and Dr. Alasky indicate that the treatment would be directed toward his preexisting arthritis. Further, ACNR asserts that there was no proper basis for reopening the claim for TTD benefits. We disagree.

It is well established that three elements must coexist in compensability cases: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Regarding the compensability of preexisting conditions, the Supreme Court of Appeals of West Virginia held in *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016):

5

A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a [discrete] new injury, that new injury may be found compensable.

*Id*. at 738, 783 S.E.2d at 858, syl. pt. 3.

The Supreme Court of Appeals clarified its position in *Moore*, holding:

A claimant's disability will be presumed to have resulted from the compensable injury if: (1) before the injury, the claimant's preexisting disease or condition was asymptomatic, and (2) following the injury, the symptoms of the disabling disease appeared and continuously manifested themselves afterwards. There still must be sufficient medical evidence to show a causal relationship between the compensable injury and the disability, or the nature of the accident, combined with the other facts of the case, raises a natural inference of causation. This presumption is not conclusive, it may be rebutted by the employer.

*Moore,* 247 W. Va. at 294, 879 S.E.2d at 781, syl. pt. 5.

Upon review, we find that the Board was not clearly wrong in reversing the claim administrator's October 24, 2023, order, and holding medial collateral ligament sprain and an internal derangement of the right knee with a meniscus tear as compensable conditions in the claim. Here, the Board found that these additional conditions are causally related to the compensable injury and are therefore compensable. Further, the Board concluded that the medical evidence establishes that the internal derangement of the right knee with meniscus tear is a discrete new injury. The Board found that Dr. Mukkamala's finding that the derangement with tear was degenerative without further explanation does not rebut the *Moore* presumption in this case. Based on the foregoing, we find that the Board's decision to hold medial collateral ligament sprain and an internal derangement of the right knee with a meniscus tear as compensable conditions in the claim is supported by substantial evidence.

The next issue on appeal is whether Mr. Price is entitled to the requested medical treatment of physical therapy and Orthovisc injections. The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code R. § 85-20-9.1 (2006).

Upon review, we conclude that the Board was not clearly wrong in reversing the claim administrator's June 9, 2023, order and authorizing the requested medical treatment

6

of physical therapy and Orthovisc injections. Here, the Board found the evidence establishes that the requested treatment of physical therapy and Orthovisc injections are necessary for Mr. Price's condition, as supported by the opinions of FNP-C Hasley, Dr. Alasky, Dr. Manchin, and PA-C Hager. Further, as noted by the Board, there is no indication in the record that Mr. Price utilized either treatment for degenerative joint disease prior to the compensable injury.

Turning to the final issue of Mr. Price's eligibility for TTD benefits, ACNR argues that there was no proper basis for reopening the claim for TTD benefits. In order to reopen a claim for TTD benefits, a claimant must show an aggravation or progression of a compensable condition, or facts not previously considered. *See* W. Va. Code § 23-5-2 (2005) and W. Va. Code § 23-5-3a (2022). We agree with the Board's findings that the addition of medial collateral ligament sprain and internal derangement of the right knee to the claim constituted facts not previously considered by the claim administrator when it closed the claim for TTD benefits. Thus, we conclude that the Board was not clearly wrong in finding that Mr. Price is entitled to additional TTD benefits.

Accordingly, we affirm the Board's April 19, 2024, order.

Affirmed.

**ISSUED:** December 6, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

7